UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00013-RJC
(3:17-cr-00073-RJC-DCK-2)

| | |
|---|---|
| ALEJANDRO CHAVEZ-LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion for Reconsideration Pursuant to Rule 59(e)." [CV Doc. 8].[1]

In January of 2017, Alejandro Chavez-Lopez ("Petitioner") arranged the sale of two kilograms of cocaine to an undercover officer. [CR Doc. 100 at ¶¶ 4-10: Presentence Investigation Report (PSR)]. Petitioner was charged in a Bill of Indictment, along with two co-Defendants, with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One). [CR Doc. 11: Bill of Indictment]. A jury convicted Petitioner of the cocaine conspiracy offense and found that 500 grams or more of cocaine were reasonably foreseeable to Petitioner. [CR Doc. 89: Jury Verdict]. Petitioner was sentenced as a career offender. [See CR Doc. 100 at ¶ 22; CR Doc. 124 at 7-8: Sentencing Tr.].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00013-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-CR-00073-RJC-DCK-1.

On January 7, 2020, Petitioner filed a 36-page Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, inclusive of exhibits and Petitioner's brief, contending that he received ineffective assistance of counsel for his attorney's failure to challenge the career offender enhancement at sentencing. [See CV Doc. 1-1]. Specifically, Petitioner argued that his offense of conviction – drug trafficking conspiracy under 21 U.S.C. § 846 – is not a "controlled substance offense" under the career offender guidelines for purposes of sentencing enhancement and that his attorney's performance was deficient for failing to make this argument. [Id. at 3-8]. The Court fully addressed Petitioner's claim and held that Petitioner had failed to show deficient performance or prejudice. [CV Doc. 6].

Petitioner timely filed the pending motion. [See Doc. 8]. Petitioner argues that the Court erred in applying the law and generally restates the arguments he made in his original Petition. [See id. at 2-3; cf. CV Doc. 1-1 at 7-10]. Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350,

2

351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Section 2255 Motion, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. The Court, therefore, will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 8] is **DENIED**.

Signed: December 15, 2020

Robert J. Conrad, Jr.
United States District Judge